UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No. 07-11457-JLT

| | |
|---|---|
| ALBERT FORD, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| MASSACHUSETTS DEPARTMENT OF | ) |
| CORRECTION; HAROLD CLARKE, | ) |
| COMMISSIONER OF CORRECTION; | ) |
| JAMES BENDER, DEPUTY COMMISSIONER | ) |
| OF CORRECTION; PETER ST. AMAND, | ) |
| SUPERINTENDENT OF MCI-CEDAR | ) |
| JUNCTION; KENNETH NELSON, ASSISTANT | ) |
| DEPUTY COMMISSIONER OF | ) |
| CORRECTION; MICHAEL BELLOTTI, | ) |
| NORFOLK COUNTY SHERIFF | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## MICHAEL BELLOTTI'S MOTION TO DISMISS

I.  INTRODUCTION

In his Amended Complaint, plaintiff Albert Ford brings eleven (11) constitutional and statutory claims against Defendants Massachusetts Department of Corrections, Harold Clarke, James Bender, Peter St. Amand, Kennete Nelson (collectively, the "DOC Defendants") and Michael Bellotti. The claims against the individual DOC defendants are brought both in their individual and official capacities; plaintiff, in his Prayer for Relief, seeks monetary damages against these individual DOC defendants. Michael Bellotti is named as a defendant solely in his official capacity; monetary damages are not sought from him.

1

Only certain of the claims relate to the conduct of defendant Bellotti. (Counts One and Two-substantive due process in violation of the federal and state constitution; Counts Three and Four-procedural due process in violation of the federal and state constitution; Count Nine-subjecting plaintiff to infamous punishment in violation of the state constitution; and Count Ten-violation of M.G.L. c. 276, § 52A.) The only conduct of the defendant Bellotti complained of is that he twice requested of the Norfolk County District Attorney that the plaintiff be transferred to the custody of the Department of Corrections pending his trial. Defendant Bellotti made these requests in accordance with M.G.L. c. 276, § 52A.

## II.   FACTS AS AVERRED IN THE AMENDED COMPLAINT

In 1992, plaintiff Ford was convicted and sentenced in Middlesex Superior Court to a term of incarceration of 15 to 25 years. Ford was incarcerated at MCI-Cedar Junction. (Amended Complaint, Paragraph 11).

In or about January of 2007, while serving his sentence, and as a result of DOC disciplinary proceedings, Ford was given a sanction of ten (10) years confinement to the Departmental Disciplinary Unit ("DDU"). (Amended Complaint, Paragraph 12).

In 2002, Ford was indicted in Norfolk County for the incident for which he received the ten (10) year DDU sanction. Bail was set at $50,000. Ford was still serving his sentence from his 1992 conviction. (Amended Complaint, Paragraph 13).

On January 2, 2007, five days before Ford was to complete serving his 1992 sentence, defendant Bellotti's office requested that the Norfolk County District Attorney's Office approve the continued confinement of Ford in the custody of the DOC

pending his trial in Norfolk Superior Court, pursuant to M.G.L. c. 276, § 52A. (Amended Complaint, Paragraph 14).

On that same day, the office of the District Attorney for Norfolk County approved defendant Bellotti's request. (Amended Complaint, Paragraph 15)

After completion of his sentence from his 1992 conviction on or about January 7, 2007, the DOC continued to hold Ford as a pretrial detainee in the DDU at MCI-Cedar Junction. (Amended Complaint, Paragraphs 16, 17).

In or about March of 2007, Ford's family posted bail set in conjunction with his indictment in Norfolk County, and he was released from DOC custody. On or about June 26, 2007, Ford's bail was revoked. (Amended Complaint, Paragraphs 18, 19).

On or about June 26, 2007, Defendant Bellotti's office again wrote to the Norfolk County District Attorney's Office seeking approval for Ford to be held by the DOC pursuant to M.G.L. c. 276, § 52A. (Amended Complaint, Paragraph 20).

On that same day, the office of the District Attorney for Norfolk County granted defendant Bellotti's request. (Amended Complaint, Paragraph 21).

Ford was taken back into custody on or about June 26, 2007; he was transported directly to MCI-Cedar Junction and placed in the DDU. (Amended Complaint, Paragraph 22).

On or about May 5, 2008, Ford pled guilty to the charges pending against him in Norfolk Superior Court and was sentenced to four to five years incarceration. (Amended Complaint, Paragraph 20).

III.   ARGUMENT

    A.   Standard Of Review

A Rule 12(b)(6) motion should be granted when a review of the complaint shows that a plaintiff can prove no set of facts in support of the claims that would entitle him to relief. See Fed.R.Civ.P. Rule 12(b)(6); Wagner v. Devine, 122 F.3d 53, 55 (1st Cir. 1997). See also Alternative Sys. Concepts, Inc. v. Synopsys, Inc., 374 F.3d 23, 29 (1st Cir. 2004) (complaint may be dismissed pursuant to Fed.R.Civ.P. Rule 12(b)(6) "if no well-pleaded set of facts supports recovery") (citing, *inter alia*, Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

    B.   THE PLAINTIFF HAS PLED NO FACTS SUPPORTING RELIEF AGAINST THE SHERIFF

Massachusetts General Laws chapter 276, § 52A, provides in pertinent part as follows:

> **§ 52A.   Removal of accused person to another county or to a correctional institution; return; proceedings; costs**
>
> Persons held in jail for trial may, with the approval of the district attorney, and shall, by order of a justice of the superior court, be removed by the commissioner of correction to a jail in another county, and said commissioner shall, at the request of the district attorney, cause them to be returned to the jail whence they were removed. **In addition, such persons, if they have been previously incarcerated in a correctional institution of the commonwealth under sentence for a felony, may, with the approval of the district attorney, be removed by the commissioner of correction to a correctional institution of the commonwealth**, and said commissioner shall, at the request of the district attorney, cause them to be returned to the jail whence they were awaiting trial. …

M.G.L. c. 276 § 52A (emphasis added).

4

As the statute and Supreme Judicial Court made clear, the transfer of a detainee from a jail to a state correctional facility lies with the discretion of the district attorney. Commissioner of Correction v. Superior Court Dept. of the Trial Court, 446 Mass. 123, 125 (2006). In this case, the Commissioner of Correction contested the transfer of detainees from the Worcester County Jail to a state correctional facility ordered by a justice of the Superior Court. The SJC overruled the order of the Superior Court justice, holding that this type of transfer requires only the approval of the district attorney and the authorization of the Commissioner of Correction. The SJC further noted that "requests that certain pretrial detainees be transferred could come from a variety of sources including the district attorney, the sheriff, or the commissioner, and might be made for security, detainee safety, or other capacity-related reasons." Id. at 125, n.3.

In the instant mater, the Sheriff of Norfolk County did no more than he was authorized to do pursuant to § 52A, namely make a request of the Norfolk County District Attorney that plaintiff be transferred to the custody of the DOC pending his trial because "… the Department of Corrections would be better suited for the housing of the inmate." In accordance with the statute, the Sheriff has no authority to approve or authorize the transfer. In fact, it was the District Attorney's office which approved both the January 2, 2007, and June 26, 2007 requests.

The Supreme Judicial Court had occasion to interpret G.L. c. 276 § 52A as it applied to the transfer of a pretrial detainee, who had previously been incarcerated on felony charges, to a state correctional institution and held in disciplinary detention, the exact circumstance as alleged in Plaintiff's complaint. See MacDougall v. Commonwealth, 447 Mass. 505 (2006).

In MacDougall, plaintiff complained that his transfer and conditions of confinement violated his rights under both the Massachusetts and United States constitutions. Id., 447 Mass. 505, 506. Plaintiff had previously been sentenced for a felony, then while being held on a bail violation, he assaulted a corrections officer and was charged with further indictments for mayhem, assault and battery with a dangerous weapon, and related offenses. After the altercation, he was held in disciplinary detention as a result of his assaultive behavior and transferred to Cedar Junction.

The SJC found that where the plaintiff was formerly incarcerated in the state correctional system and the transfer was approved by the District Attorney, the plaintiff's transfer to state custody was in accordance with G.L. c. 276, § 52A. Further, the SJC held, to the extent that plaintiff raised claims that the conditions of confinement in the state correctional facility did not meet constitutional standards, "his remedy is to bring a civil action against the commissioner." Id., 447 Mass. at 511.

This reasoning controls the Plaintiff's claims against Sheriff Michael Bellotti. If the Plaintiff believes that his transfer to MCI-Cedar Junction was not lawful under § 52A or that his conditions of confinement in the state correctional facility did not meet constitutional standards, his civil action lies against the commissioner (or perhaps the District Attorney). It does not lie against the Sheriff who did nothing more than request that the Plaintiff be transferred to state custody awaiting trial. The Sheriff did no more than make a request of the district attorney in accordance with the requirements of the statute.

## C.  PLAINTIFF'S PRAYER FOR RELIEF SEEKS NO SPECIFIC RELIEF AGAINST THE SHERIFF

Consistent with the fact that the Amended Complaint fails to state a claim upon which relief may be granted against Sheriff Bellotti, Plaintiff's Prayer for Relief seeks no specific relief from Sheriff Bellotti. Thus, while plaintiff seeks various statutory and constitutional declarations (Prayer for Relief, Paragraphs c-i), plaintiff does not seek a declaration that Sheriff Bellotti violated his constitutional or statutory rights by requesting of the District Attorney's office that plaintiff be transferred to state custody pending trial. Plaintiff does not request that he be awarded damages against Sheriff Bellotti (Prayer for Relief, Paragraph k). And while Prayer for Relief Paragraph l does not state which defendants should be responsible for plaintiff's attorneys fees and costs, it is clear that should plaintiff be successful in this matter, he can be awarded these costs and fees from the remaining defendants.

For all these reasons, it is clear that removal of Sheriff Bellotti from this lawsuit will have no impact on plaintiff's claims or rights. As Sheriff Bellotti did nothing more than exercise his statutory right to request that District Attorney approve the transfer of plaintiff to state custody, the claims against Sheriff Bellotti should be dismissed.

## IIII.  CONCLUSION

For the foregoing reasons, the Sheriff of Norfolk County requests that the Court dismiss the Amended Complaint against him.

7

8

Respectfully submitted,

MICHAEL BELLOTTI, as he
is Sheriff of Norfolk County

By his Attorneys,


/s/ Nathan L. Kaitz
_____
Mary Jo Harris, BBO # 561484
Nathan L. Kaitz, BBO # 256760
MORGAN, BROWN & JOY, LLP
200 State Street
Boston, MA  02109
(617) 523-6666

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2008, that a true and correct copy of the foregoing document was served on all registered parties via ECF.

/s/ Nathan L. Kaitz
_____
Nathan L. Kaitz, BBO # 256760