IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT FORD,<br><br>                 Plaintiff,<br><br>v.<br><br>HAROLD CLARKE, Commissioner of Correction; JAMES BENDER, Deputy Commissioner of Correction; PETER ST. AMAND, Superintendent of MCI-Cedar Junction; KENNETH NELSON, Assistant Deputy Commissioner of Correction; MICHAEL BELLOTTI, Norfolk County Sheriff<br><br>                 Defendants. | Civil Action No. 07-11457-JGD<br><br>**REQUEST FOR ORAL ARGUMENT** |

**PLAINTIFF ALBERT FORD'S MEMORANDUM IN OPPOSITION
TO DEFENDANT BELLOTTI'S MOTION FOR SUMMARY JUDGMENT**

**I.    INTRODUCTION**

Defendant Michael Bellotti, the Sheriff of Norfolk County, does not dispute that he twice requested in 2007 that the Department of Correction ("DOC") retain custody of Plaintiff Albert Ford pursuant to Mass. Gen. Laws ch. 276 § 52A ("Section 52A") and that Mr. Ford remained in DOC custody pursuant to those requests. (*See* Rule 56 Stmnt. of Undisputed Facts of Defendant Michael Bellotti ¶¶ 14-18, 25-27 (Docket No. 89).) On that basis, Mr. Bellotti can be found liable for violating Mr. Ford's equal protection rights because he subjected Mr. Ford to Section 52A, a statute that unconstitutionally distinguishes between similarly situated classes of pretrial detainees without rational basis.[1]

---

[1] Mr. Ford does not oppose dismissal of his other claims against Mr. Bellotti.

- 1 -

The arguments that Mr. Bellotti raises to justify his dismissal, including that his compliance with the language of Section 52A shields him from liability; that Mr. Ford has not demonstrated that his deprivation of rights was the product of a municipal custom or policy; and that the absence of the District Attorney William Keating as a defendant is fatal to Mr. Ford's claim, are all insufficient for Mr. Bellotti to escape liability. Notably, Mr. Bellotti fails to take issue with the substance of Mr. Ford's equal protection claim, meaning that he has failed to meet his burden here and summary judgment should be denied.

## II.  ARGUMENT

### A.  Mr. Bellotti Participated in the Deprivation of Mr. Ford's Rights

Just as he did in his motion to dismiss, Mr. Bellotti primarily argues that he is not a proper defendant to Mr. Ford's suit because he "did no more than he was authorized to do pursuant to §52A" by requesting Mr. Ford's transfer to the Department of Correction. (Bellotti Mem. at 5.) But because Mr. Ford challenges the constitutionality of the statute behind which Mr. Bellotti seeks to take refuge, that argument is untenable. Mr. Bellotti points to no case that stands for the proposition that a party accused of applying an unconstitutional statute may escape liability by showing compliance with the language of the challenged statute. This is because where the constitutionality of a statute is put at issue by a plaintiff, he may properly sue the parties responsible for imposing the statute on him. Here, that includes Mr. Bellotti.

"[W]hen a statute is challenged as unconstitutional, the proper defendants are the government officials whose role it is to administer and enforce it." *Mangual v. Rotgers-Sabat*, 317 F.3d 45, 57 (1st Cir. 2003). In this case, Mr. Bellotti admits to playing a role in the application of Section 52A to Mr. Ford on two occasions. That role amounts to enforcing the statute against Mr. Ford because, but for Mr. Bellotti's requests, Mr. Ford would not have been

subject to the statute. *See Chaloux v. Killeen*, 886 F.2d 247, 252 (9th Cir. 1989) ("Their actions caused the constitutional violations complained of. We find that the county sheriffs were properly named as defendants" in suit challenging constitutionality of state statute); *see also Black's Law Dictionary* (8th ed. 2004) (defining "enforce" as "To give force or effect to (a law, etc.)"). Further, as Mr. Bellotti notes, it is well established under Massachusetts law that a county sheriff has the right to initiate a transfer under Section 52A. (*See* Bellotti Mem. at 5 (*quoting Comm'r of Corr. v. Superior Court Dept. of the Trial Court*, 446 Mass 123, 125 n.5 (Mass. 2006) ("requests that certain pretrial detainees be transferred could come from a variety of sources including the district attorney, *the sheriff*, or the commissioner . . .") (emphasis added)).) As a result, where Mr. Bellotti has twice invoked his authority to make a request under Section 52A and Mr. Ford challenges the constitutionality of the application of that statute to him, Mr. Bellotti is a proper party. *See Reynolds v. Dukakis*, 441 F.Supp. 646, 650 (D. Mass. 1977) (party a proper defendant where action "predicated" on statute being challenged).[2]

**B.  Mr. Bellotti's Requests Under Section 52A Were The Product of a Municipal Custom or Policy**

Contrary to Mr. Bellotti's contention, Mr. Ford has adduced sufficient evidence that the deprivation of rights he suffered through Mr. Bellotti's requests under Section 52A were made pursuant to a municipal custom or official policy. *See Welch v. Ciampa*, 542 F.3d 927, 941 (1st Cir. 2008).

First, there is sufficient evidence to support the conclusion that the Norfolk County Sheriff's Office has a custom of requesting transfers of pretrial detainees under Section 52A.

---

[2] Further, by failing to even address the merits of Mr. Ford's equal protection claim, Mr. Bellotti has shown that summary judgment is not appropriate. Even had he done so, though, he could not have met his burden as set forth in Mr. Ford's Memorandum in Opposition to the DOC Defendants' Motion for Summary Judgment.

This is shown through the fact that Mr. Bellotti twice made such requests for Mr. Ford. *See Altman v. Kelly*, 36 F.Supp.2d 433, 435 (D. Mass. 1999) (suggesting evidence of two similar incidents may support a finding of a municipal custom). Moreover, Mr. Bellotti essentially admits that Norfolk County has a policy of utilizing Section 52A to request the transfer of pretrial detainees: "defendant Bellotti agrees that he has some interest in requesting transfers pursuant to §52A." (Bellotti Mem. at 10.) In combination, the two requests involving Mr. Ford and Mr. Bellotti's admitted use of Section 52A to request transfers are sufficient to demonstrate a custom. *See Bordanaro v. McLeod*, 871 F.2d 1151, 1156-57 (1st Cir. 1989) (finding municipal policy based on single incident involving a number of municipal employees "where other evidence of the policy has been presented").

Second, Mr. Bellotti appears to admit personal involvement in the transfer of Mr. Ford. For instance, in describing the January 2007 transfer of Mr. Ford, he writes "Defendant Bellotti made this request because plaintiff has been charged with a serious crime[.]" (Bellotti Mem. at 3; *see also id.* ("The Norfolk County District Attorney's office granted the request of Defendant Bellotti.").) Because a "single decision by a final policymaker can result in municipal liability," Mr. Bellotti's involvement is another basis on which to find that the deprivation of Mr. Ford's rights was the result of a municipal policy. *See Ciampa*, 542 F.3d at 942 (finding liability could be imposed on a town for the police chief's decision). Here, Mr. Bellotti qualifies as a final policymaker regarding the custody of pretrial detainees because he is, by law, ultimately responsible for the "custody and control of the jails in his county . . . and of all prisoners committed thereto." Mass. Gen. laws ch. 126 § 16.

### C. The Purported Inadequacy of Mr. Ford's Prayer for Relief Is Not a Viable Basis to Dismiss Mr. Bellotti

Mr. Bellotti further argues that he is entitled to summary judgment because Mr. Ford neither seeks nor is entitled to any relief against him. (Bellotti Mem. at 9.) This contention is both legally and factually incorrect.

Rule 54(c) of the Federal Rules of Civil Procedure provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." As a result, any omissions in a prayer for relief "are not in and of themselves a barrier to redress of a meritorious claim." *Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 66 (1978) (citing Fed. R. Civ. P. 54(c).) Mr. Bellotti's contention that he should be dismissed because he is not named specifically in the prayer for relief in the Amended Complaint is therefore unavailing.

In any event, Mr. Ford seeks relief that directly implicates Mr. Bellotti by requesting a declaration that, on its face and as applied to him, Section 52A violates the Equal Protection Clause of the Fourteenth Amendment. (Amended Compl. at 24, Prayer for Relief g.) Insofar as Mr. Bellotti readily admits that he was twice responsible for initiating the application of Section 52A to Mr. Ford, such a declaration bears directly on Mr. Bellotti's conduct as well as his continued ability to invoke Section 52A.

Further, contrary to his assertion that Mr. Ford has not sought any relief against him, Mr. Bellotti acknowledges that he is an interested party in this action and that he would be affected by a determination regarding the lawfulness of Mr. Ford's transfer under Section 52A: "While defendant Bellotti agrees that *he has some interest in requesting transfers pursuant to §52A*, a declaration of rights concerning §52A may not issue in this proceeding because *not all interested parties affected by any such declaration are parties to this proceeding*." (Bellotti Mem. at 10

- 5 -

(emphasis added).) Although Mr. Bellotti is incorrect to claim that no declaration can issue here, *see infra* § D, he is correct in his assessment that he is an interested party and that he will be affected by a declaration here. Insofar as he is interested and his absence will "impair or impede" his ability to protect his interest, he must remain a party. *See* Fed. R. Civ. P 19(a)(1)(B)(i).

### D. The District Attorney Is Not an Indispensable Party and Therefore His Absence Does Not Demand Dismissal

Finally, Mr. Bellotti contends that he must be dismissed because District Attorney William Keating is a necessary but absent party. (Bellotti Mem. at 10.) The proper inquiry, however, is not whether the district attorney is a necessary party but whether he is an "indispensable party" under Rule 19(b) of the Federal Rules of Civil Procedure.[3] Because the district attorney is not indispensible, Mr. Bellotti's argument fails.

Rule 19(a) provides that a party shall be joined to an action "if feasible" where, among other reasons, the party has "an interest relating to the subject of the action." Fed. R. Civ. P. 19(a)(2). Mr. Bellotti contends that District Attorney Keating is a necessary party because he "would have an interest in any declaration that the use of §52A to secure plaintiff's confinement in the MCI-Cedar Junction or the DDU was unconstitutional." (Bellotti Mem. at 10.) Although, this contention is correct for the same reasons that Mr. Bellotti is a necessary party, it does not follow that in District Attorney Keating's absence Mr. Bellotti must also be dismissed.

It has already been determined that District Attorney Keating may not feasibly be joined in this case. On August 23, 2007, Judge Tauro issued a Memorandum and Order in which he applied the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915A, to Mr.

---

[3] Mr. Bellotti's brief focuses only on the standard for what parties are necessary under the Massachusetts declaratory judgment act, Mass. Gen. laws ch. 231A, § 8, but ignores the applicable federal standard under Rule 19 for Mr. Ford's federal claims.

Ford's *pro se* complaint. (Docket No. 3.) Based on that review, Judge Tauro concluded that Mr. Ford's claim against District Attorney Keating must be dismissed because "a prosecutor is absolutely immune from suit" for actions taken within the scope of the prosecutor's official duties. (Docket No. 3 at 7-8 (citing *Imbler v. Pachtman*, 424 U.S. 409, 422 (1976); *Reid v. State of N.H.*, 56 F.3d 332, 337 (1st Cir. 1995).) As a result of that ruling, District Attorney Keating cannot be joined.

But this is not fatal to Mr. Ford's claim. Rather, under an analysis pursuant to Rule 19(b), it is clear that Mr. Ford's suit can proceed in District Attorney Keating's absence. *See Horizon Bank & Trust Co. v. Flaherty*, 309 F.Supp.2d 178, 198 (D. Mass. 2004) (proceeding with case under Rule 19(b) where Massachusetts was necessary party but could not be joined because of sovereign immunity). Rule 19(b) provides that where it is not feasible to join a necessary party, a court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The rule sets out four factors that a court should consider in making such a determination:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

*Id.* Here, these factors militate in favor of the conclusion that District Attorney Keating is not an indispensable party.

There is little risk that a judgment entered here will prejudice District Attorney Keating; this is not a case where a judgment will have spillover effects on a party's property rights or otherwise encumber Mr. Keating.  *Cf. B. Fernández & Hnos, Inc. v. Kellogg USA, Inc.*, 516 F.3d 18, 25 (1st Cir. 2008) (finding party indispensable where judgment would serve as precedent that absent party's agreement was invalid).  Further, a judgment in the absence of District Attorney Keating would be adequate for Mr. Ford's interests because it would preclude the same conduct from recurring.  Finally, Mr. Ford would not have an adequate remedy if his action is dismissed for nonjoinder of the District Attorney because he would have no other forum in which to pursue his claims.  Massachusetts state courts would present the same hurdles of absolute prosecutorial immunity and the need to join necessary parties.  *See Chicopee Lions Club v. District Atty. for Hampden Dist.*, 396 Mass. 244, 252 (Mass. 1985); Mass. R. Civ. P. 19 (mirroring federal rule).

### III. CONCLUSION

For the foregoing reasons, Mr. Ford respectfully requests that Mr. Bellotti's motion be denied as to his equal protection claim.

          ALBERT FORD
          By his attorneys,

          /s/ Dimple Chaudhary
          Lisa J. Pirozzolo, BBO # 561922
          Timothy D. Syrett, BBO # 663676
          Dimple Chaudhary, BBO # 674845
          Wilmer Cutler Pickering Hale and Dorr LLP
          60 State Street
          Boston, Massachusetts  02109
          Tel:  (617) 526-6000
          Fax:  (617) 526-5000

Dated:     October 5, 2009

**REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), Plaintiff Albert Ford respectfully requests oral argument on Defendant Michael Bellotti's Motion for Summary Judgment.

/s/ Dimple Chaudhary
Dimple Chaudhary, BBO # 674845

## CERTIFICATE OF SERVICE

I, Dimple Chaudhary, hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic court filing (ECF) system, this 5th day of October, 2009.

/s/ Dimple Chaudhary
Dimple Chaudhary, BBO # 674845
