IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT FORD,<br><br>            Plaintiff,<br><br>v.<br><br>HAROLD CLARKE, Commissioner of Correction; JAMES BENDER, Deputy Commissioner of Correction; PETER ST. AMAND, Superintendent of MCI-Cedar Junction; KENNETH NELSON, Assistant Deputy Commissioner of Correction; MICHAEL BELLOTTI, Norfolk County Sheriff<br><br>            Defendants. | Civil Action No. 07-11457-JGD |

**PLAINTIFF ALBERT FORD'S
MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
DOC DEFENDANTS' INADMISSIBLE HEARSAY EXHIBITS**

In support of their motion for summary judgment against plaintiff Albert Ford, defendants Harold Clarke, James Bender, Peter St. Amand, and Kenneth Nelson ("the DOC Defendants") attached to their Memorandum of Law in Support of DOC Defendants' Motion for Summary Judgment (the "DOC Memorandum") inadmissible hearsay documents including internal Department of Correction ("DOC") documents. Because hearsay cannot be considered on a motion for summary judgment, the Court should strike the DOC Defendants' Exhibits F, L-N, and Q.

**I.    ARGUMENT**

"Evidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment." *Vazquez v. Lopez-Rosario*, 134 F.3d 28, 33 (1st Cir. 1998). Exhibits F, L-N, and Q submitted by the DOC Defendants are offered to establish the truth of the

- 1 -

matters asserted within them and thus constitute inadmissible hearsay.  *See* Fed. R. Evid. 801(c), 802.  Such material "may not be regarded in determining whether a genuine issue of material fact exists."  *See Horta v. Sullivan*, 4 F.3d 2, 9 (1st Cir. 1993) (account in newspaper article constituted inadmissible hearsay and should have been excluded from consideration on motion for summary judgment).

The DOC Defendants argue, for instance, that Mr. Ford's placement in the DDU is justified by the safety risk he poses as demonstrated by his purported history of receiving DDU sanctions.  (*See* DOC Memorandum at 12.)  In support of this contention, the DOC Defendants rely on a "DDU Hearing Packet" and "Disciplinary Reports and Hearing Summaries," which they attached as Exhibits F, and L-N.  While the DOC Defendants fail to provide page references for these documents in compliance with Local Rule 56.1, making it difficult to pinpoint what specific portions of the documents they seek to rely on, it is nonetheless clear that any statements in these documents about Mr. Ford's past conduct are hearsay that is "inadmissible at trial to establish the truth of the reported facts."  *Horta*, 4 F.3d at 8.  The same is true of Exhibit Q, the Commonwealth's Statement of Case for revocation of Mr. Ford's bail, which the DOC Defendants seek to rely on to establish that Mr. Ford's bail was revoked for attempting to send heroin to MCI-Cedar Junction.  (*See* DOC Memorandum at 24.)

Nor are the Disciplinary Hearing Packet and reports in Exhibits F and L-N admissible under one of the hearsay exceptions provided in Fed. R. Evid. 803.  The documents do not qualify as business records because the DOC Defendants have not submitted any testimony or certification to authenticate them as required by Fed. R. Evid. 803(6).  In addition, even had the DOC Defendants provided such authentication, "courts have consistently declined to admit incident reports prepared by prison guards involved in altercations with prisoners because of the

- 3 -

self-serving nature of such reports in light of the writer's inherent motivation to be less than accurate."  *Giles v. Rhodes*, No. 94 Civ. 6385, 2000 WL 1425046, at *8 (S.D.N.Y. Sept. 27, 2000); *see also Romano v. Howarth*, 998 F.2d 101, 107-08 (2d Cir. 1993); *Bracey v. Herringa*, 466 F.2d 702, 705 (7th Cir. 1972); *Lewis v. Velez*, 149 F.R.D. 474, 485-86 (S.D.N.Y. 1993) (finding prison "Incident Reports" did not constitute business records).

The documents are also not "factual findings resulting from an investigation" under Fed. R. Evid. 803(8)(C).  Many are first-hand summaries of incidents rather than factual findings from an investigation and therefore do not fit within this exception.  *See, e.g.*, Ex. F at Page 40 of 40 (Incident Report of Edwin Doolin).  Moreover, even for those documents that could be considered reports of investigations, the DOC Defendants have failed to establish that the investigating officer had "special skill or experience" in conducting investigations and that the officer was free from bias that might have influenced his conclusions.  *See Lewis*, 149 F.R.D at 487-88 (discussing trustworthiness factors set forth in advisory committee's note to Fed. R. Evid. 803).  The latter factor is particularly important where, as here, "corrections officers' jobs are on the line, and they are at risk of . . . civil liability" because these "stakes suggest the potential for . . . bias."  *Id*. at 488; *see also Chambers v. Stalder*, No. 07-848-Cm 2008 WL 4890889, at *4 n.2 (M.D.La. Nov. 12, 2008) ("The defendants have not cited this Court to any federal or state law which classifies prison administrative records – and the self-serving and inherently unreliable statements of prison officials contained therein –  as public records.").

Finally, even if any of the challenged DOC exhibits could qualify for admission under Rule 803, they are filled with hearsay statements by third parties that would still be inadmissible absent an independent basis on which these statements could be admitted.  *See* Fed. R. Evid. 805. For instance, the bulk of the information in the Disciplinary Report submitted as Exhibit L

- 3 -
US1DOCS 7307720v1


consists of statements made by the Institutional Mail Officer to another prison staff member. The same goes for Exhibit Q in which an Assistant District Attorney relays information provided by third parties regarding why Mr. Ford's bail was revoked. As the First Circuit has explained regarding Fed. R. Evid. 803(8), "hearsay statements by third persons . . . are not admissible under this exception merely because they appear within public records." *United States v. Mackey*, 117 F.3d 24, 28 (1st Cir. 1997); *see also Bates v. Kender*, 537 F. Supp. 2d 281, 282 (double hearsay within public record inadmissible). The same limitation applies for the business records exception under Fed. R. Evid. 803(6). *See Romano*, 998 F.2d at 108 (where prison nurse's progress notes reporting statements by a prison officer were offered under Rule 803(6), "another link in the hearsay chain is necessary to usher into evidence the officer's statement").

## II.   CONCLUSION

For the foregoing reasons, Mr. Ford respectfully requests that his motion to strike the DOC Defendants' inadmissible hearsay Exhibits F, L-N, and Q be granted.

ALBERT FORD
By his attorneys,

/s/ Timothy Syrett
Lisa J. Pirozzolo, BBO # 561922
Timothy D. Syrett, BBO # 663676
Dimple Chaudhary, BBO # 674845
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts  02109
Tel:  (617) 526-6000
Fax:  (617) 526-5000

Dated:     October 5, 2009

## **CERTIFICATE OF SERVICE**

I, Timothy Syrett, hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic court filing (ECF) system, this 5th day of October, 2009.

/s/ Timothy Syrett
Timothy Syrett, BBO # 663676

Dated:     October 5, 2009