UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-CV-11457-JGD

| | |
|---|---|
| ALBERT FORD, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JAMES BENDER, ET AL., | ) |
|     Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MOTION TO STRIKE
EXHIBITS A AND G, FILED IN SUPPORT OF PLAINTIFFS' RESPONSE
TO DOC DEFENDANTS' CONCISE STATEMENT OF FACTS AND IN
OPPOSITION TO DOC DEFENDANTS' MEMORANDUM OF LAW IN
<u>SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT</u>**

DOC Defendants submit this memorandum in support of their motion to strike Exhibits A (including all Exhibits attached thereto) and G, filed in support of plaintiffs' Response to DOC Defendants' Concise Statement of Facts and in opposition to DOC Defendants' Memorandum of Law in Support of their Motion for Summary Judgment. Pursuant to Fed. R. Civ. P. 56(e), this Court should strike the matters set out below.

**FACTUAL BACKGROUND**

Plaintiff has filed an Opposition to Defendants' Motion for Summary Judgment, along with a response to Defendants' Statement of Facts. <u>See</u> Documents 108 and105. In support of that opposition, plaintiff has filed various exhibits including an Affidavit of Stuart Grassien along with a law review article written by Grassien and Grassien's curriculum vitae, and an article published in the New Yorker magazine. These documents contain inadmissible hearsay and lack any relevance to the subject action or motion for summary judgment, thus they should be stricken from the record.

**ARGUMENT**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A motion to strike is the proper vehicle for challenging the admissibility of evidence offered at summary judgment. See Casas Office Machs., Inc. v. Mita Copystar Am., Inc., 42 F.3d 668, 682 (1st Cir. 1994). As a general matter, "only evidence that would be admissible at trial may be considered by the court on summary judgment." Garside v. Osco Drug, Inc., 895 F.2d 46, 49-51 (1st Cir. 1990).

     Exhibit A contains an affidavit of plaintiff's purported expert, Dr. Stuart Grassien, along with exhibits attached thereto which include a law review article written by Dr. Grassien. First, neither the affidavit, nor the article in any fashion reference plaintiff Ford or any specific aspects of Ford's mental health or housing in the DDU. This is not a class action lawsuit; it is merely one (1) inmate suing defendants for various issues related to his housing in the DDU. As such, only evidence related directly to plaintiff Ford would be admissible at trial. Grassien's blanket statements regarding mental health of inmates in segregation generally is inadmissible, as it in no fashion relates to Ford or demonstrates that Ford has been effected in any such fashion by his housing within the DDU. In addition, this Court should take into account that Grassien was similarly used as plaintiffs' expert in the class action in Torres v. Commissioner of Correction, 427 Mass. 611 (1998), which addressed the issue of conditions of confinement in the DDU.[1] Similarly, the issue of the effects of segregation on mental health and constitutional requirements associated therewith is presently being litigated in this Court. See Disability Law Center, Inc. v.

---

[1] Torres precludes relitigation of the issue of conditions of confinement in the DDU; thus, the purpose of plaintiff's submission of Grassien's affidavit and/or testimony would be unnecessary in this case and inadmissible at trial.

Massachusetts Department of Correction, 07-cv-10463 (Wolf, C.J.).  Ford would be represented by the class of plaintiffs in this litigation, so his claims should not be decided here.[2]  Moreover, "[t]he district courts enjoy great latitude in respect to the admission or exclusion of expert testimony."  Quinones-Pacheco, et al. v. American Airlines, Inc., 979 F.2d 1, 6 (1992).  Accordingly, this Court should not accept Grassien's affidavit or any exhibits attached thereto, as they lack any relevance to Ford or his specific claims in this action.

In addition, Exhibit G contains an article published in the New Yorker magazine unrelated in any way to plaintiff Ford.  This article, along with portions of the Affidavit of Stuart Grassien, and his entire law review article, are offered for the truth of the matters asserted therein; therefore, contain inadmissible hearsay.  Fed. R. Evid. 801(c), 802.  Such documents "may not be regarded in determining whether a genuine issue of material facts exists," for purposes of summary judgment.  Horta v. Sullivan, 4 F.3d 2, 9, (1st cir. 1993)(newspaper article constituted inadmissible hearsay that should not have been considered on summary judgment).

## CONCLUSION

For the foregoing reasons, defendants request that their Motion for to Strike be granted.

Respectfully Submitted,
NANCY A. WHITE
Special Assistant Attorney General

Dated:  October 13, 2009

/s/ Julie E. Daniele
Julie E. Daniele
BBO#600093
Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300, ext. 115

---

[2]  It should further be noted that the parties in the DLC litigation have spent significant money and resources to begin a path toward resolution of this complicated litigation.  If, in fact, Ford requires special accommodations or a change in his housing due to mental health deterioration, he would receive such consistent with the on-going DLC litigation.

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that this document and all Exhibits thereto, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on October 13, 2009. There are no parties that are not registered participants of the NEF system.

October 13, 2009                                                                                          /s/ Julie E. Daniele