UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-CV-11457-JGD

ALBERT FORD,                              )
       Plaintiff,                        )
                                     )
v.                                        )
                                     )
JAMES BENDER, ET AL.,                     )
       Defendants.                       )

## OPPOSITION TO PLAINTIFF ALBERT FORD'S MOTION TO ATTEND HEARING

DOC Defendants hereby oppose Plaintiff Albert Ford's Motion to Attend Hearing.  In support thereof, defendants state as follows:

1.    Counsel for plaintiff, Albert Ford, have moved this Court for an Order to allow plaintiff Ford to attend the hearing on dispositive motions presently scheduled for November 17, 2009.

2.    Plaintiff Ford is a prison inmate presently incarcerated in the Department Disciplinary Unit ("DDU") at MCI-Cedar Junction.  Although he filed this action *pro se*, counsel has been appointed to represent him and has represented him throughout this action.

3.    In addition to being held in the DDU at MCI-Cedar Junction, plaintiff Ford is a Level A security risk.  See Inmate Data Sheet for Albert Ford, attached hereto at Exhibit A.

4.    A Level A security risk inmate is identified by the following parameters:  "Recent (within past 7 years) escapes, attempts, and/or plan to escape from secure custody such as facilities, transportation, court, hospital, or currently pose an obvious risk.  These risk factors shall include but not be limited to (within past 2 years):

Institutional history of violence/disruptive acts; Extensive disciplinary history; Active STG disruptive behavior; History of weapon possession; High profile crime; Investigation(s) regarding potential threat(s) to security[.]"   103 DOC 527.03, <u>Security Risk Level Guidelines</u>, attached hereto at Exhibit B.

5.   Transportation of Level A Security Risk inmates requires the following:  "All transportation or movement of Level A inmates will be accomplished by Central Transportation Unit's H.R.T. officers, when resources permit. Four (4) H.R.T. officers and two (2) vehicles will be the **minimum** security complement.  In the event that in an emergency H.R.T. Units are unavailable, Level A inmates may be transported by a minimum of four (4) officers (2 armed). The officers selected should be SRT/TRT members if on duty, with two (2) vehicles and communication capability.  Waist chains and handcuffs of Level A inmates shall be secured with a blue/black box restraint system.  If the inmate being transported is disruptive an additional unarmed officer shall be assigned to the security detail. The shift commander shall notify the Institution Duty Officer as soon as the decision to transport the Level A inmate is made (emergency only) including; destination and make-up of the security detachment."   103 DOC 527.07, <u>Transportation of Security Risk Inmates</u>, attached hereto at Exhibit B.

6.   Consequently, the cost to the Department of Correction to transport Ford to this hearing, in which he is represented by able counsel appointed by this Court to minimize the issues encountered with *pro se* inmate litigation is preclusive.  In this time of dire fiscal crisis in which employees are being forced to take unpaid

furloughs, the Department should not be spending this type of excess cost for Ford's mere entertainment.

7.    Plaintiff cites case law in support of the fact that this Court has "sound discretion . . . whether to order state authorities to bring a prisoner before the court for purposes of pursing a civil action commenced by the prisoner." Michaud v. Michaud, 932 F.2d 77, 81 (1st Cir. 1991); and Stone v. Morris, 546 F.2d 730, 735 (7th Cir. 1976).  However, plaintiff ignores the fact that in both of these cases, the Court used its sound discretion to **deny** the plaintiff's presence in court. Moreover, the Michaud court cited Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987) to support the fact that even a *pro se* inmate has no right to be present in court for civil proceedings.  Moreover, in Stone, the court stated the following of import:  "[t]his discretion is to be exercised with the best interests of both the prisoner and the government in mind.  If it is apparent that the request of the prisoner to argue personally reflects something more than a mere desire to be freed temporarily from the confines of the prison, that he is capable of conducting an intelligent and responsible argument and that his presence in the courtroom may be secured without undue inconvenience or danger, the court would be justified in issuing the writ.  But if any of those factors were found to be negative, the court might well decline to order the prisoner to be produced."  546 F.2d at 735 (internal citations and quotations omitted).  The Department of Correction emphasizes here that Ford is not *pro se*, and thus, his presence is completely unnecessary and would serve no beneficial purpose.  Ford has absolutely nothing

to argue; his presence would be extremely costly, both based upon cost and security.

8.   Finally, in an effort to be as accommodating as possible, undersigned counsel assented to plaintiff's request for a teleconference.  Although there is little, if any, reason for plaintiff Ford to listen to the hearing and it will pose a burden upon the staff and operations of the DDU at MCI-Cedar Junction, defendants do not formally object and leave this decision to the Court.

WHEREFORE, defendants respectfully request that this Honorable Court DENY plaintiff's motion to attend hearing.

<div style="margin-left: 50%;">
Respectfully Submitted,<br>
NANCY A. WHITE<br>
Special Assistant Attorney General
</div>

Dated:  November 5, 2009

<div style="margin-left: 50%;">
/s/ Julie E. Daniele<br>
Julie E. Daniele<br>
BBO#600093<br>
Legal Division<br>
Department of Correction<br>
70 Franklin Street, Suite 600<br>
Boston, MA 02110-1300<br>
(617) 727-3300, ext. 115
</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document and all Exhibits thereto, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing  (NEF) on November 5, 2009.  There are no parties that are not registered participants of the NEF system.

November 5, 2009                                                  <u>/s/ Julie E. Daniele</u>