**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**Civil Action No. 07-11457-JGD**

---
```
                                          )
ALBERT FORD,                              )
              Plaintiff,                  )
                                          )
    vs.                                   )
                                          )
MASSACHUSETTS DEPARTMENT OF               )
CORRECTION; HAROLD CLARKE,                )
COMMISSIONER OF CORRECTION;               )
JAMES BENDER, DEPUTY COMMISSIONER         )
OF CORRECTION; PETER ST. ARMAND,          )
SUPERINTENDENT OF MCI-CEDAR               )
JUNCTION; KENNETH NELSON, ASSISTANT       )
DEPUTY COMMISSIONER OF CORRECTION;        )
MICHAEL BELLOTTI, NORFOLK COUNTY          )
SHERIFF,                                  )
              Defendants.                 )
```
---

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT MICHAEL BELLOTTI'S MOTION**
**FOR ENTRY OF JUDGMENT PURSUANT TO RULE 54(b)**
**OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Now comes Michael Bellotti, Sheriff of Norfolk County ("Bellotti") and respectfully requests the Court to direct a separate and final judgment to be entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. For the reasons stated herein, the entry of judgment under Rule 56(b) promotes the interests of fairness and judicial economy.

**I.     INTRODUCTION**

On December 1, 2009, this Court issued a Memorandum of Decision and Order allowing Bellotti's motion for summary judgment as to all claims[1] against him except those claims deemed to have been withdrawn. This Court found that Bellotti was not responsible for administering or enforcing M.G.L. c. 276, §52A ("§52A"). Accordingly, this Court held that Bellotti was not a proper party to this action.

At the same time, the Court took under advisement the motions for summary judgment filed by the plaintiff, Albert Ford ("Ford") and the Department of Corrections ("DOC") defendants.[2] Those motions address the conditions of confinement under which Ford is allegedly held while in the custody of the Department of Corrections. Bellotti has no involvement in any of the issues currently in controversy between Ford and the Department of Corrections.

**II.    LEGAL STANDARD PURSUANT TO FED. R. CIV. P. RULE 54(b)**

Rule 54(b) of the Federal Rules of Civil Procedure allows the entry of final judgment as to fewer than all the parties (or claims) in a multi-party action, thereby permitting earlier-than-usual appeals, "upon an express determination that there is no just reason for delay" in entering judgment. See Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 579 (1st Cir. 1994). The First Circuit has used a two step process in making this determination. "First, the ruling underlying the proposed judgment must itself be final in the sense that it disposes completely either of all claims against a given defendant

---

[1] Counts Seven and Eight challenging the constitutionality of §52A on the grounds that it distinguishes between similarly situated classes of pretrial detainees in violation of the equal protection clause of the Fourteenth Amendment and Articles 1 and 12 of the Massachusetts Declaration of Rights.

[2] All remaining defendants: the DOC; its Commissioner Harold Clarke; Deputy Commissioner James Bender; the Superintendent of Cedar Junction, Peter St. Armand; and Assistant Deputy Commissioner Kenneth Nelson.

or…" Id. at 580.  The second step involves "tracing the interrelationship between, on one hand, the legal and factual basis of the claims undergirding the proposed judgment (*i.e.,* the jettisoned claims), and on the other hand, the legal and factual basis of the claims remaining in the case." Id. (citations omitted).  The appellate court "must then ponder the balance struck by the district court between the desirability of immediate review and the undesirability of promoting piecemeal appeals." Id; see also Gonzalez Figueroa v. J.C. Penney Puerto Rico, Inc., 568 F.3d 313, 317 (1st Cir. 2009) (holding that "a district court should certify a judgment under Rule 54(b) only after it has determined that (i) the ruling in question is final and (ii) there is no persuasive reason for delay").

In considering the entry of judgment pursuant to Rule 54(b), courts should be guided by "'the interest of sound judicial administration' at both the trial and appellate levels, and avoid the possibility that later determination at trial of the remaining claims could render an intervening decision by the court of appeals moot or require the appeals court to decide the same issue twice." Daniel v.American Bd. of Emergency Medicine, 212 F.R.D. 134, 137 (W.D. N.Y. 2002) (internal quotation omitted).  In Maldonado-Denis, supra, in upholding the district court's entry of judgment under Rule 54(b), the First Circuit considered the fact that one of the defendants had entered bankruptcy (thereby prompting a stay of the claims against him), as well as the legal and factual differences that distinguished the claims against the appellees from the claims against the other defendants.  23 F.3d at 580-581.

The United States Court of Appeals for the First Circuit has cautioned that ordering a separate judgment must be done with great care because there is a well-established policy against cases in a piecemeal fashion.  See Spiegel v. Trustees of Tufts

Coll., 843 F.2d 38, 42 (1st Cir. 1988). Nevertheless, the First Circuit has previously entered judgment pursuant to Rule 54(b) in civil rights claims brought by state inmates and in other civil rights actions. See e.g., Niemic v. Salas, 286 Fed. Appx. 738, 2008 WL 2877128 (1st Cir. 2008) (Rule 54(b) motion permitted to stand as to medical defendants while claims against Department of Corrections defendants remained pending); Hegarty v. Somerset County, 53 F.3d 1367, 1372 (1st Cir. 1995) (allowing final judgment to enter pursuant to Rule 54(b) on two of four rulings regarding qualified immunity and compensatory damages in a Section 1983 case); Gaudrault v. Municipalty of Salem, 923 F.2d 203, 205 (1st Cir. 1990) (54(b) final judgment issued on behalf of certain defendants in Section 1983 action).

In granting a Rule 54(b) motion, the Court must "dispose[] fully of at least a single substantive claim" and should duly consider the relevant facts, "mak[ing] specific findings." Spiegel, supra, 843 F.2d at 42 (citation and internal quotation marks omitted).

### III.   ARGUMENT

#### A.   This Court's Grant of Summary Judgment Disposes Of All Claims Against Defendant Bellotti

There can be no dispute that this Court's December 1, 2009 ruling disposes entirely of all claims against defendant Bellotti. This Court ruled that defendant Bellotti is not a proper party to this action and allowed his motion for summary judgment as to all claims not deemed to be withdrawn. Accordingly, there can be no question that defendant Bellotti has fulfilled the first step of the 54(b) analysis, i.e., establishing the finality of this Court's ruling as to him.

#### B.   There Is No Persuasive Reason For Delay

Determining whether there is reason for delay is "necessarily case-specific and requires an assessment of the entire litigation and an analysis of factors which suggest reasons to relax the usual prohibition against piecemeal appellate review." Dan v. Muratore, 8 F.3d 854, 862 (1st Cir. 1993).  A review of the facts in the instant matter compels a conclusion that there is no just or persuasive reason for delay.

First, and most significantly, the claims against defendant Bellotti are separate and distinct from those against the DOC defendants.  The claims against defendant Bellotti concern the constitutionality of §52A and, at its core, the circumstances under which plaintiff Ford found himself as a pretrial detainee in the custody of the DOC.  In contrast, the claims against the DOC defendants concern defendants' treatment of plaintiffs after they assumed custody of him.  The claims include, inter alia, whether plaintiff could be housed in the DDU as a pretrial detainee without a hearing or some other form of due process and the conditions of confinement in the DDU, totally separate and distinct claims from those against defendant Bellotti from both a factual and legal standpoint.[3]

Second, as found by this Court, defendant Bellotti   is   not a proper party to this action.     The only claim brought against Bellotti was Plaintiff's challenge to the constitutionality of a state statute, and as the Court noted, Bellotti is not a necessary party to the resolution of that question.   In these circumstances, defendant Bellotti   should not be required to remain a party to the case pending the resolution of the claims against the DOC   before having a final adjudication established as to him.

---

[3] In this regard, it should be noted that plaintiff did not depose defendant Bellotti or engage in any substantial discovery as to him.

Given the lack of overlap between the claims against defendant Bellotti and those against the DOC defendants, there is little or no possibility of duplication of effort should this Court issue a Rule 54(b) certification. Accordingly, there can be no just or persuasive reason for delaying issuance of final judgment as to defendant Bellotti.

### IV.  CONCLUSION

For the reasons stated herein, and based upon the record as a whole, defendant Bellotti respectfully submits that this Court should enter final judgment as to him pursuant to Rule 54(b).

Respectfully submitted,

MICHAEL BELLOTTI, SHERIFF
OF NORFOLK COUNTY,

By his Attorneys,

By: _____ */s/ Mary Jo Harris* _____
    Mary Jo Harris (BBO#561484)
    Nathan L. Kaitz (BBO#256760)
    Morgan, Brown & Joy, LLP
    200 State Street, 11th Floor
    Boston, MA  02109
    T: (617) 523-6666
    F: (617) 367-3125

Dated: January 14, 2010

**Certificate of Service**

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 14, 2010.

                                          */s/ Nathan L. Kaitz*
                                          Nathan L. Kaitz