UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT FORD, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 07-11457-JGD |
| JAMES BENDER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF DECISION AND ORDER
ON DEFENDANT BELLOTTI'S MOTION
FOR ENTRY OF SEPARATE JUDGMENT**

February 22, 2010

DEIN, U.S.M.J.

## I. INTRODUCTION

After consideration of the parties' arguments, defendant Bellotti's motion for entry of separate judgment pursuant to Fed. R. Civ. P. 54(b) is DENIED WITHOUT PREJUDICE. After consideration of the relevant factors, this court finds that the entry of separate judgment would promote piecemeal litigation, and would not further the interests of justice.

## II. ANALYSIS

As the First Circuit recently summarized, the standard to be applied to a motion for entry of separate judgment is as follows:

> Rule 54(b) permits a district court in cases involving multiple claims or parties, to direct entry of a final judgment "as to one or more, but fewer than all, claims or parties" if it "expressly determines that

> there is no just reason for delay." Review of such a certification comprises two steps. We first ask "whether the judgment has the requisite aspects of finality." [*Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 43 (1st Cir. 1988)]. The answer to that question is not in doubt here, since the judgment dismissed all claims against the [Sheriff]. We then scrutinize the determination that there is no just reason for delay. In doing so, we examine "the sufficiency of the district court's assessments of (1) any interrelationship or overlap among the various legal and factual issues involved in the dismissed and pending claims, and (2) any equities and efficiencies implicated by the requested piecemeal review." *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996).

Niemic v. Galas, No. 07-1763, 2008 WL 2877128, at *1 (1st Cir. July 28, 2008). Moreover, "piecemeal appeals are disfavored" and "Rule 54(b) should be employed with great circumspection." Figueroa v. J.C. Penney Puerto Rico, Inc., 568 F.3d 313, 318 n.3 (1st Cir. 2009).

Here the claims against the Sheriff are the same as those brought against the DOC defendants. The DOC defendants and the plaintiff have filed cross-motions for summary judgment, which are pending. (See Docket Nos. 90 and 94). There is no compelling reason for an appeal regarding the claims against the Sheriff to proceed while the merits of the entire case will be decided shortly. Similarly, the delay will not burden the Sheriff and he will not be compelled to expend significant resources.[1] Furthermore, it does not make sense to have the parties devote resources to an appeal which may not be necessary

---

[1] To the extent that the Sheriff wishes to be excused in the future from attending any court hearings, he may petition the court to be excused.

depending on the outcome of the summary judgment motions. The "equities and efficiencies" require that the Sheriff's motion be denied at this time.

## **ORDER**

The Defendant Michael Bellotti's Motion for Entry of Separate Judgment (Docket No. 124) is DENIED WITHOUT PREJUDICE.

        / s / Judith Gail Dein
        Judith Gail Dein
        United States Magistrate Judge