UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALBERT FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 07-11457-JGD |
| HAROLD CLARKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SCHEDULING ORDER AND ORDER
## ON PLAINTIFF'S MOTION FOR RELEASE

On November 8, 2010, this court held a status conference pursuant to Fed. R. Civ. 16(a) and a hearing to consider oral argument on "Plaintiff Albert Ford's Motion for Release From Unlawful Confinement" (Docket No. 132). After reviewing the parties' submissions and considering their arguments, this court hereby ORDERS as follows:

1. Ford's motion for release is ALLOWED IN PART and DENIED IN PART as follows:

   a. By **November 16, 2010**, the defendants shall notify the plaintiff as to whether they will seek to confine the plaintiff in general population or in a segregated housing unit such as the DDU or the DSU.

   b. In the event that the defendants shall seek to confine the plaintiff in a segregated housing unit, the hearing regarding Ford's confinement shall take place by **November 24, 2010**, unless otherwise agreed by the parties. No such hearing shall occur without prior notice to plaintiff's counsel and an opportunity for plaintiff's counsel to be involved in the hearing process.

   c. The plaintiff shall be evaluated for segregated housing in conformity with regulations governing new assessments. Any segregated

          housing assignment cannot be for the purpose of having the plaintiff serve his DDU sentence.

    d.    The plaintiff's motion is otherwise denied. However, if the requirements set forth in the above paragraphs fail to resolve the issues that the plaintiff has raised regarding his present housing status, the plaintiff may file a new motion for relief.

    e.    The parties shall keep the court apprised as to the status of Ford's housing classification.

2. The parties shall comply with the following schedule:

    a.    Any deposition of the plaintiff's expert witness shall be completed by **January 31, 2011**.

    b.    The defendants shall complete any reply expert designations, pursuant to Fed. R. Civ. P. 26(a)(2), by **February 28, 2011**.

    c.    Any deposition(s) of the defendants' expert witness(es) shall be completed by **March 31, 2011**.

    d.    A final pretrial conference shall take place on **July 11, 2011** and trial shall commence on **July 25, 2011**. A separate trial order will be issued.

3. This matter will be referred to mediation immediately pursuant to the court's alternative dispute resolution program.

4. Within **1 week** following completion of the parties' mediation, the plaintiff shall file a joint status report describing the outcome of the parties' settlement efforts.

                                    / s / Judith Gail Dein
                                    Judith Gail Dein
November 8, 2010                      United States Magistrate Judge