# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALBERT FORD,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES BENDER, Deputy Commissioner of Correction; PETER ST. AMAND, Superintendent of MCI-Cedar Junction,<br><br>    Defendants. | Civil Action No. 07-11457-JGD |

## PLAINTIFF ALBERT FORD'S MOTION *IN LIMINE* TO ATTEND TRIAL

Plaintiff Albert Ford respectfully requests that the Court issue a writ of habeas corpus *ad testificandum* to secure his presence at each day of trial so that he may testify and assist his counsel. *See* 28 U.S.C. § 2241(c)(5) (district court may issue writ of habeas corpus for a prisoner where "[i]t is necessary to bring him into court to testify or for trial").

"It is within the sound discretion of the Court to order state authorities to bring a prisoner before the Court for purposes of pursuing a civil action commenced by the prisoner." *Michaud v. Michaud*, 932 F.2d 77, 81 (1st Cir. 1991); *see also Stone v. Morris*, 546 F.2d 730, 735 (7th Cir. 1976) (same). In determining whether to order the presence of a prisoner, a court may consider "the burden on the state, the existence of other alternatives . . . the diligence of the prisoner, and the substantiality of the litigation." *Michaud*, 932 F.2d at 81.

Mr. Ford has been litigating this case since 2007, initially as a *pro se* litigant and now with appointed counsel. He has already secured an order from this Court establishing the Defendants' liability for violating his constitutionally-protected rights, and now he seeks to be

present at trial to pursue his claim for damages and injunctive relief.  At trial, Mr. Ford will testify about the harm caused him by the Defendants' decision to confine him to the Departmental Disciplinary Unit as a pretrial detainee.  Without being permitted to testify, Mr. Ford's ability to establish for the jury the harm caused to him will be significantly undermined as he is plainly the only one who can fully relate his own experiences. [1]

In addition, Mr. Ford has played an active role throughout this litigation, and his presence at trial will greatly benefit his counsel's ability to present his case.  Should Mr. Ford not be permitted to attend, counsel will be deprived of the opportunity to strategize with him as well as to draw on his knowledge of the facts surrounding events in which he was involved.

Finally, to the extent that the Department of Correction raises security concerns supposedly posed by Mr. Ford attending trial, he was present without incident at both mediation sessions before Judge Hillman.  (*See* Docket No. 149, 154 (ordering Mr. Ford's presence at mediations).)

---

[1] Similarly, the jury's task of assessing Mr. Ford's damages will be hindered if alternative means of allowing his testimony, such as by video conference, are employed.  As the Seventh Circuit has observed, "[v]ideo conferencing is not the same as actual presence, and it is to be expected that the ability to observe demeanor, central to the fact-finding process, may be lessened in a particular case by video conferencing."  *Thornton v. Snyder*, 428 F.3d 690, 697 (7th Cir. 2005).

- 3 -

For the foregoing reasons, Mr. Ford respectfully requests that the Court permit his attendance at trial and issue writs of habeas corpus *ad testificandum* ordering his presence each day of trial.

                                       ALBERT FORD
                                       By his attorneys,

                                       /s/ Timothy Syrett
                                       Lisa J. Pirozzolo, BBO # 561922
                                       Emily R. Schulman, BBO # 566374
                                       Timothy D. Syrett, BBO # 663676
                                       Dimple Chaudhary, BBO # 674845
                                       Anant Saraswat, BBO # 676048
                                       Wilmer Cutler Pickering Hale and Dorr LLP
                                       60 State Street
                                       Boston, Massachusetts  02109
                                       Tel:  (617) 526-6000
                                       Fax:  (617) 526-5000

Dated:    July 5, 2011

- 4 -

## CERTIFICATE OF SERVICE

I, Timothy Syrett, hereby certify that a true copy of the above document was served upon the attorney of record for each other party through the Court's electronic court filing (ECF) system, this 5th day of July, 2011.

/s/ Timothy Syrett
Timothy Syrett, BBO # 663676

US1DOCS 7986016v2