# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| |
|---|
| ALBERT FORD, <br><br>        Plaintiff, <br><br> v. <br><br> JAMES BENDER, Deputy Commissioner of Correction; PETER ST. AMAND, Superintendent of MCI-Cedar Junction, <br><br>        Defendants. |

Civil Action No. 07-11457-JGD

### PLAINTIFF ALBERT FORD'S MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO PRISONER LITIGATION

Pursuant to Fed. R. Evid. 403, Plaintiff Albert Ford moves *in limine* to preclude the Defendants James Bender and Peter St. Amand (collectively, "the DOC Defendants") from presenting irrelevant but prejudicial testimony or evidence regarding any prior or pending civil litigation filed by Mr. Ford or litigation by prisoners generally, or from presenting testimony or suggesting that prisoners are litigious, that Mr. Ford in particular is litigious, or that a successful suit by Mr. Ford may spawn similar suits by others, add to the cost of the prison system, or generally add to the costs borne by the Commonwealth.

References to prisoner litigation or to any other prior or pending civil litigation by Mr. Ford has no relevance to the sole issue to be decided by the jury: damages suffered by Mr. Ford as a result of his unlawful confinement for 375 days in the Departmental Disciplinary Unit ("DDU") at the Massachusetts Correctional Institute at Cedar Junction ("MCI-Cedar Junction"). In contrast, any implication or allusion that Mr. Ford is litigious or that a successful suit by Mr. Ford may spawn other suits or add to the cost of the prison system will have an unfair prejudicial

impact on Mr. Ford that grossly outweighs any possible probative value.  As the First Circuit has noted, a "[c]harge of litigiousness is a serious one, likely to result in undue prejudice against the party charged."  *McDonough v. City of Quincy*, 452 F.3d 8, 20 (1st Cir. 2006) (citation omitted); *Batiste-Davis v. Lincare, Inc.*, 526 F.3d 377, 381 (8th Cir. 2008) (holding that "[b]ecause the probative value was substantially outweighed by its unfair prejudice, the district court abused its discretion in admitting evidence of [Plaintiff's] prior lawsuit"); *Outley v. New York*, 837 F.2d 587, 592 (2d Cir. 1988) ("a plaintiff's litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant. The trial court has a duty to prevent exploitation of this prejudice . . .") (citation omitted).

For the foregoing reasons, Mr. Ford respectfully requests that DOC Defendants be precluded from referring to litigation by prisoners generally or to making specific references to any other prior or pending civil litigation by Mr. Ford, including suggesting that prisoners are litigious, that Mr. Ford in particular is litigious, or that a successful suit by Mr. Ford may spawn similar suits by others or add to the cost of the prison system, or generally add to the costs borne by the Commonwealth.

    ALBERT FORD
By his attorneys,

/s/ Dimple Chaudhary
Lisa J. Pirozzolo, BBO # 561922
Emily R. Schulman, BBO # 566374
Timothy D. Syrett, BBO # 663676
Dimple Chaudhary, BBO # 674845
Anant Saraswat, BBO # 676048
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts  02109
Tel:  (617) 526-6000
Fax:  (617) 526-5000

Dated:	July 5, 2011

## CERTIFICATE OF SERVICE

On July 5, 2011, I caused a copy of the foregoing document to be served by electronic mail via the electronic filing system upon all counsel of record.

/s/ Dimple Chaudhary
Dimple Chaudhary, BBO # 674845