UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALBERT FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 07-11457-JGD |
| JAMES BENDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTION TO VACATE OR ALTER & AMEND JUDGMENT

April 19, 2012

DEIN, U.S.M.J.

## I. INTRODUCTION

The jury-waived trial of this matter took place on July 25, 26 and 27, 2011 after years of litigation. Pre-trial proceedings included motions for summary judgment and a number of motions in limine. After testimony concluded, the parties filed extensive proposed findings of fact and rulings of law, which were considered by the court before the court entered its Findings of Fact, Rulings of Law and Order of Judgment on January 27, 2012. (Docket No. 210). This matter is presently before the court on "Defendants' Motion to Vacate Judgment for Plaintiff and to Alter or Amend it in Defendants' Favor" (Docket No. 216). Because this motion merely repeats, or at most expands on, arguments previously considered by this court, it is DENIED.

## II.  ANALYSIS

Defendants have brought their motion pursuant to Fed. R. Civ. P. 52(b), providing for the amendment of findings and conclusions issued by the court, and Rule 59(e) authorizing a motion to alter or amend a judgment.  These motions are closely related, and the same standard is generally applied.  See Feliciano-Hernandez v. Pereira-Castillo, 663 F.3d 527, 536-37 (1st Cir. 2011) and cases cited.  Thus, this court enjoys "considerable discretion" in deciding these motions, "subject to circumstances developed in the case law."  ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir. 2008).  This court, consistent with the well-recognized principles developed in the case law, declines "to reconsider arguments that the [parties] had already made or to consider new arguments that [they] could have made earlier."  Feliciano-Hernandez, 663 F.3d at 537 and authorities cited.  Therefore, the motion to amend must be denied.

"The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly.  Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected.  To obtain relief, the movant must demonstrate either that newly discovered evidence (not previously available) has come to light or that the rendering court committed a manifest error of law."  Palmer v. Champion Mort., 465 F.3d 24, 30 (1st Cir. 2006) (internal citations and quotations omitted).  See also Melendez v. Autogermana, Inc., 622 F.3d 46, 55 (1st Cir. 2010) ("As a general matter, a motion for reconsideration may only be granted if the

original judgment evidenced a manifest error of law, if there is newly discovered evidence, or in certain other narrow situations.") (quoting Global Naps, Inc. v. Verizon New Eng., Inc., 489 F.3d 13, 25 (1st Cir. 2007)).  A motion to amend "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Feliciano-Hernandez, 663 F.3d at 537 (internal quotation and citation omitted).

The defendants point to no new facts or law.  Rather, as detailed more fully in the plaintiff's opposition to the motion (Docket No. 222), the defendants merely are repeating arguments already presented to the court in connection with the summary judgment motions or the rulings of law made after trial.  However, a motion to amend "may not repeat arguments previously made during summary judgment," and "is not the place to present arguments that could, and should, have been raised before the court's pulling of its judgment trigger." Markel American Ins. Co. v. Diaz-Santiago, No. 11-1101, — F.3d —, 2012 WL 883617, *10-11 (1st Cir. Mar. 16, 2012).  This case does not warrant the "extraordinary remedy" the defendants are seeking.

### III.  CONCLUSION

After careful consideration of the arguments raised in support of the defendants' motion to amend (Docket No. 210), the motion to amend is DENIED for the reasons detailed herein and in the plaintiff's opposition to the motion (Docket No. 222).

    / s / Judith Gail Dein

                                                        Judith Gail Dein
                                                       United States Magistrate Judge