UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ALBERT FORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 07-11457-JGD |
| JAMES BENDER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION AND ORDER ON
DEFENDANTS' MOTION FOR STAY OF EXECUTION
PENDING APPEAL AND FOR WAIVER OF BONDS**

November 29, 2012

DEIN, U.S.M.J.

## I. INTRODUCTION

This matter is before the court on the defendants' "Motion for a Stay of Execution Pending Appeal and for Waiver of Bonds" (Docket No. 231), by which the defendants are seeking a stay of execution of the judgment of the District Court, pending a decision on their appeal to the Court of Appeals for the First Circuit. In addition, the defendants request that no bond or other security be required.

After consideration of the parties' written submissions and oral arguments, the motion was ALLOWED in open court on November 27, 2012, subject to the condition that the Commonwealth of Massachusetts file an affidavit attesting that it unequivocally assumes the obligation to satisfy any judgment against Messrs. Bender and St. Amand, including any award of attorneys' fees and costs, as authorized by Mass. Gen. Laws

ch. 258, § 9,[1] despite the fact that the defendant officials have since retired from service. Moreover, the Commonwealth will confirm therein that it will not claim that the named defendants "acted in a grossly negligent, willful or malicious manner," thereby excusing its obligation to indemnify under the statute. This Memorandum of Decision and Order is being entered to address the arguments raised by the parties in their pleadings.

## II.  ANALYSIS

Federal Rule of Civil Procedure 69 sets the applicable procedure for enforcement of a money judgment. Rule 69 states in relevant part:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – *must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.*

Fed. R. Civ. P. 69(a)(1) (emphasis added).

The defendants contend that state law governs the issuance of the execution in this case, and that Mass. Gen. Laws ch. 235, § 16 precludes the issuance of an execution upon a judgment "until the exhaustion of all possible appellate review thereof[.]" Therefore,

---

[1] Mass. Gen. Laws ch. 258, § 9 provides that "[p]ublic employers may indemnify public employees, and the commonwealth shall indemnify persons holding office under the constitution, from personal financial loss, all damages and expenses, including legal fees and costs, if any, in an amount not to exceed $1,000,000 arising out of any claim, action, award, compromise, settlement or judgment by reason of an intentional tort, or by reason of any act or omission which constitutes a violation of the civil rights of any person under any federal or state law, if such employee or official or holder of office under the constitution at the time of such intentional tort or such act or omission was acting within the scope of his official duties or employment. No such employee or official, other than a person holding office under the constitution acting within the scope of his official duties or employment, shall be indemnified under this section for violation of any such civil rights if he acted in a grossly negligent, willful or malicious manner."

the defendants argue, no execution should issue.  This argument is without merit.  Since there is a federal statute that governs the issuance of an execution, Mass. Gen. Laws ch. 235, § 16 does not apply in the instant case.

It is well established that the Federal Rules of Civil Procedure "qualify as federal statutes" under Rule 69(a).  Office Depot Inc. v. Zuccarini, 596 F.3d 696, 701 (9th Cir. 2010), and cases cited.  Fed. R. Civ. P. 62(a) governs the issuance of an execution and provides:

> Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, *until 14 days have passed after its entry*. But unless the court orders otherwise, the following are not stayed after being entered, even if an appeal is taken:
>
> > (1) an interlocutory or final judgment in an action for an injunction or a receivership; or
> >
> > (2) a judgment or order that directs an accounting in an action for patent infringement.

(Emphasis added).  This Federal Rule, which differs from Massachusetts law, controls. See Elias Bros. Rests., Inc. v. Acorn Enters., Inc., 931 F. Supp. 930, 938, 939 (D. Mass 1996) (Fed. R. Civ. P. 62(a) governing the issuance of an execution and requirement of a bond controls overs Massachusetts rule precluding issuance of execution until time for appeal has expired).[2]  See also Schneider v. Nat'l R.R. Passenger Corp., 72 F.3d 17, 19 (2d Cir. 1995) (Federal "Rule 69(a) adopts state procedures for execution only to the

---

[2] Although Elias relied on an earlier version of Fed. R. Civ. P. 69(a), the subsequent amendments were merely stylistic.  See Advisory Comm. Note (2007); Zuccarini, 596 F.3d at 700 n.1.

extent that they do not conflict with any applicable 'statute of the United States.' This term includes the Federal Rules of Civil Procedure, since they have the force and effect of federal statutes.").

The cases relied on by the defendants do not compel a different result. Whitfield v. Municipality of Fajardo, 564 F.3d 40, 42-43 (1st Cir. 2009), relates to the enforcement of "an idiosyncratic Puerto Rico indemnity law" which apparently does not conflict with any federal rule or statute. Moreover, the Whitfield court concluded that it lacked jurisdiction to review the District Court's nonfinal order relating to efforts undertaken to collect a judgment, so it did not address the merits of the dispute. Similarly, Gabovitch v. Lundy, 584 F.2d 559, 561(1st Cir. 1978), addresses the need to follow state process in attaching a bank account. It also does not address the situation before this court involving conflicting federal and state statutes. For the reasons detailed herein, the parties' rights and obligations with respect to an execution are governed by Fed. R. Civ. P. 62(a).

Fed. R. Civ. P. 62(d) provides in relevant part that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . . The stay takes effect when the court approves the bond." See also Fed. R. App. P. 7 ("the district court may require an appellant to file a bond or provide other security . . . to ensure payment of costs on appeal"); Fed. R. App. P. 8(a)(1) (party must first seek a stay or approval of a supersedeas bond in the district court). The defendants argue that this court should consider the four factors enunciated in Hilton v. Braunskill, 481 U.S. 770, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987), to support a stay of execution without a bond pending appeal. In

Hilton, the court addressed a stay of execution in a case granting habeas relief and ruled that the court should "follow the general standards for staying a civil judgment[,]" namely, "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 775-76, 107 S. Ct. at 2118-19.  However, this is "the traditional standard for issuing injunctions" and while it is "arguable that a monetary judgment may also be stayed under" this standard, "[s]tays of monetary judgments are ordinarily sought under either Fed. R. Civ. P. 62(d) [Stay with Bond on Appeal] or 62(f) [Stay in Favor of a Judgment Debtor Under State Law]."  Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 17 & n.4 (1st Cir. 2002).  See also Schreiber v. Kellogg, 839 F. Supp. 1157, 1161 (E.D. Pa. 1993), and cases cited (holding that the four part test applies to injunctions and "is not applicable to a motion for a stay under rule 62(d)").  Therefore, it is questionable whether Hilton applies in the instant case.

      This issue does not have to be resolved, however, because this court concludes that a supersedeas bond will not be required if the Commonwealth files the affidavit ordered above.  "Courts have held that no bond is required if: (1) the defendant's ability to pay is so plain that the posting of a bond would be a waste of money . . . ."  Acevedo-Garcia, 296 F.3d at 17.  Even in such a case, however, it is appropriate for the court to require "adequate documentation" to support the claim of ability to pay.  See id. and cases cited.

This court will accept the affidavit of the Commonwealth as adequate proof that any judgment will be satisfied.

### III. ORDER

For the reasons detailed herein, the defendants' "Motion for a Stay of Execution Pending Appeal and for Waiver of Bonds" (Docket No. 231) is ALLOWED, subject to the condition that the Commonwealth of Massachusetts file an affidavit attesting that it unequivocally assumes the obligation to satisfy any judgment against Messrs. Bender and St. Amand, including any award of attorneys' fees and costs, as authorized by Mass. Gen. Laws ch. 258, § 9, despite the fact that the defendant officials have since retired from service. Moreover, the Commonwealth will confirm therein that it will not claim that the named defendants "acted in a grossly negligent, willful or malicious manner," thereby excusing its obligation to indemnify under the statute. The affidavit shall be filed by December 7, 2012.

    / s / Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge